Filed 11/12/25  P. v. Dixon CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B337673 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA021029) |
| v. | |
| DUANE DIXON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kristen J. Inberg and Louis W. Karlin, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

# INTRODUCTION

Duane Dixon was convicted of the first degree murders of Kevin Jones and Jamie Blankenship with robbery and multiple murder special circumstance findings as to both, and the willful, deliberate, and premeditated attempted murder of Patricia Lacey, along with personal firearm use findings as to all the offenses. The trial court sentenced Dixon to two consecutive sentences of life without the possibility of parole (LWOP) for the murders and a consecutive life term for the attempted murder, plus 15 years for the firearm enhancements. Dixon was 22 years old at the time of the offenses. He appeals from a postjudgment order denying his motion for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) and *In re Cook* (2019) 7 Cal.5th 439 (*Cook*).[1] The superior court determined Dixon was ineligible for a youth offender parole hearing under Penal Code section 3051[2] because he was sentenced to life without the possibility of parole.

Dixon contends section 3051 violates his federal and state constitutional rights to equal protection because young adult

---

[1]     In *Franklin, supra,* 63 Cal.4th at pages 283 to 284, the California Supreme Court held a juvenile offender (i.e., under the age of 18) who is eligible for a youth offender parole hearing pursuant to section 3051 is entitled to a hearing to develop and preserve evidence of his or her youth-related characteristics and the circumstances at the time of the offense. In *Cook, supra,* 7 Cal.5th at page 451, the California Supreme Court further held that "an offender entitled to a hearing under sections 3051 and 4801 may seek the remedy of a *Franklin* proceeding even though the offender's sentence is otherwise final."

[2]     Undesignated statutory references are to the Penal Code.

offenders serving LWOP sentences for crimes they committed when they were 18 to 25 years old are ineligible for youth offender parole hearings, but young adult offenders serving non-LWOP sentences and juvenile offenders who committed crimes before the age of 18 serving LWOP sentences are eligible.  Dixon also argues his sentence constituted cruel or unusual punishment in violation of the California Constitution.  (See Cal. Const., art. I, § 17.)  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

In 1995, a jury found Dixon and a codefendant guilty of the first degree murders of Jones and Blankenship (§ 187, counts 1 and 2) and the willful, deliberate, premeditated attempted murder of Lacey (§§ 664, 187, count 3).  The jury found true as to both defendants multiple murder special circumstance allegations (§ 190.2, subd. (a)(3), counts 1 and 2);[4] a robbery special circumstance allegation (§ 190.2, subd. (a)(17), count 2); a principal armed with a firearm allegations (§ 12022, subd. (a)(1), counts 1-3); and a personal firearm use allegation (§ 12022.5; count 2).  The jury also found true allegations Dixon had personally used a firearm (§ 12022.5) in the commission of counts 1 and 3 but not true that his codefendant had done so (§ 12022.5).  Finally, the jury found the count 1 robbery special circumstance

---

[3]　　The facts regarding the underlying offenses are not relevant to our analysis and are omitted.

[4]　　Upon the parties' stipulation, the court ordered the count 1 and 2 verdicts corrected to reflect the special circumstance finding as being under section 190.2, subdivision (a)(3), rather than section 190.2, subdivision (a)(13), as was mistakenly listed in the information and verdict forms.

allegation not true. (See *People v. Maurice Robinson* (Jan. 27, 1997, B099798) [nonpub. opn.].) As stated, Dixon was 22 years old at the time of the offenses.

The trial court sentenced Dixon to two consecutive sentences of LWOP for the two murders, a consecutive life term for the attempted murder, plus 15 years for the personal firearm enhancements. This court affirmed the judgment. (*People v. Maurice Robinson, supra,* B099798 [nonpub. opn.].)

In September 2022, Dixon filed a motion in propria persona requesting a *Franklin/Cook* hearing to preserve youth-related mitigating evidence for a future youth offender parole hearing under section 3051. The superior court appointed counsel to represent Dixon and two defense experts. On April 23, 2024, the superior court denied Dixon's request for a *Franklin/Cook* hearing, explaining that the California Supreme Court's recent decision in *People v. Hardin* (2024) 15 Cal.5th 834, 838 (*Hardin*) made Dixon ineligible for relief.

Dixon timely appealed.

## DISCUSSION

A. *Section 3051 Does Not Violate Dixon's Constitutional Right to Equal Protection*

Section 3051 "offers opportunities for early release to certain persons who are incarcerated for crimes they committed at a young age." (*Hardin, supra,* 15 Cal.5th at p. 838.) "Under the current version of the statute, most persons incarcerated for a crime committed between ages 18 and 25 are entitled to a parole hearing during the 15th, 20th, or 25th year of their incarceration. [Citation.] But not all [young adult] offenders are eligible for parole hearings. The statute excludes, among others, offenders

4

who are serving sentences of life in prison without the possibility of parole for a crime committed after the age of 18." (*Id.* at pp. 838-839; see § 3051, subd. (h); see also *People v. Williams* (2024) 17 Cal.5th 99, 116; *People v. Briscoe* (2024) 105 Cal.App.5th 479, 484 (*Briscoe*).) Defendants who were 18 to 25 years old at the time of their offenses but who are ineligible for a youth offender parole hearing under section 3051 due to their sentences are not entitled to a *Franklin* hearing. (See *People v. Mason* (2024) 105 Cal.App.5th 411, 415.)

Dixon argues section 3501, subdivision (h), violates the equal protection clause of the federal and state constitutions because it treats young adult offenders serving LWOP sentences differently than other young adult offenders sentenced to non-LWOP terms, and differently than juveniles sentenced to LWOP. "We review these claims de novo" (*People v. Morales* (2021) 67 Cal.App.5th 326, 345 (*Morales*)), and we apply a deferential rational basis standard of review to a defendant's equal protection challenge to the youth offender parole statute. (See *Hardin, supra,* 15 Cal.5th at p. 839.)

In *Hardin*, the California Supreme Court rejected the argument that "section 3051's exclusion of young adult offenders sentenced to life without parole is constitutionally invalid under a rational basis standard, either on its face or as applied" to defendants "who are serving life without parole sentences for special circumstance murder." (*Hardin, supra*, 15 Cal.5th at p. 839.) Dixon acknowledges *Hardin* forecloses his equal protection argument as between young adult offenders sentenced to LWOP and young adult offenders who committed murder and received non-LWOP sentences. But he argues *Hardin* did not directly consider whether there is a rational basis to distinguish between young adult and juvenile offenders sentenced to LWOP.

5

Dixon is correct that *Hardin* did not consider this equal protection challenge.  But *Hardin* observed that this court had held it was unnecessary to address this argument because "the Legislature acted reasonably in distinguishing between offenses committed before and after the age of 18 because the Eighth Amendment (and the law more generally) makes the same distinction."  (*Hardin,* at p. 846.)

In all events, Dixon fails to show the Legislature acted irrationally by granting youth offender parole hearings to juvenile offenders with a sentence of life without the possibility of parole while denying such hearings to young adult offenders with the same sentence.  As *People v. Sands* (2021) 70 Cal.App.5th 193, 204 explained when rejecting a similar equal protection challenge to section 3051, "The Legislature had a rational basis to distinguish between offenders with the same sentence (life without parole) based on their age."  (*Sands,* at p. 204.)  *Sands* reasoned that "the Legislature could rationally decide to remedy unconstitutional sentences [imposed on juveniles] but go no further."  (*Ibid.*; accord, *In re Murray* (2021) 68 Cal.App.5th 456, 463-464 [rejecting equal protection challenge to § 3051 based on the different treatment of juvenile and young adult offenders sentenced to life without possibility of parole because "the United States and California Supreme Courts have found the line drawn between juveniles and nonjuveniles to be a rational one"]; *Morales, supra,* 67 Cal.App.5th at p. 347 ["for purposes of LWOP offenders, the line drawn at 18 is a rational one"]; *People v. Acosta* (2021) 60 Cal.App.5th 769, 779 (*Acosta*) ["[T]here is a rational basis for distinguishing between juvenile LWOP offenders and young adult LWOP offenders: their age."].)

B.      *Section 3051 Does Not Violate the State Constitutional Prohibition Against Cruel or Unusual Punishment*

Dixon further argues the exclusion in section 3051 of young adult offenders sentenced to life without the possibility of parole who were 18 years old or older constitutes cruel or unusual punishment under article I, section 17, of the California Constitution. Dixon did not raise this argument in the superior court and it is forfeited. (See *People v. Lewis and Oliver* (2006) 39 Cal.4th 970, 991 ["'[a] party cannot argue the court erred in failing to conduct an analysis it was not asked to conduct'"].)

Even if Dixon had not forfeited the argument, his argument is foreclosed by precedent establishing that there is no violation of the cruel or unusual punishment clauses of the state or federal constitutions when a nonjuvenile young adult offender is sentenced to life without the possibility of parole. (See *People v. Baker* (2018) 20 Cal.App.5th 711, 733 ["[t]here is considerable overlap in the state and federal approaches" to the Eighth Amendment and article I, section 17, of the California Constitution, and "'[a]lthough articulated slightly differently, both standards prohibit punishment that is "grossly disproportionate" to the crime or the individual culpability of the defendant'"]; see also *Sands, supra,* 70 Cal.App.5th at p. 204 [sentence of life without the possibility of parole "does not violate the Eighth Amendment when imposed on an adult, even an adult under the age of 26"]; *Acosta, supra,* 60 Cal.App.5th at p. 781 [*Miller v. Alabama* (2012) 567 U.S. 460, which held the Eighth Amendment prohibits sentencing a juvenile to a mandatory term of life in prison without possibility of parole, "applies to juvenile offenders sentenced to mandatory LWOP terms, not 21 year olds"]; *In re Williams* (2020) 57 Cal.App.5th 427, 439 [Eighth

7

Amendment does not prohibit imposing a sentence of life without the possibility of parole on a 21-year-old defendant]; *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1020, 1030-1032 [Eighth Amendment does not prohibit imposing a sentence of life without the possibility of parole on an 18-year-old defendant]; cf. *People v. Flores* (2020) 9 Cal.5th 371, 429 [Eighth Amendment does not prohibit imposing a sentence of death on a 21-year-old defendant].)

## DISPOSITION

The order denying Dixon's request for a *Franklin/Cook* hearing is affirmed.


MARTINEZ, P. J.


We concur:



SEGAL, J.                          STONE, J.